01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  DAVID DOUCETTE, SR.,                )    CASE NO. C05-0863-RSL-MAT
                                        )
09          Plaintiff,                  )
                                        )
10      v.                              )    REPORT AND RECOMMENDATION
                                        )    RE: SOCIAL SECURITY
11  JO ANNE B. BARNHART,                )    DISABILITY APPEAL
    Commissioner of Social Security,    )
12                                      )
            Defendant.                  )
13  _____)

14          Plaintiff David Doucette, Sr., proceeds through counsel in his appeal of a final decision of

15  the Commissioner of the Social Security Administration ("Commissioner").  The Commissioner

16  denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security

17  Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA") after a

18  hearing before an Administrative Law Judge ("ALJ").

19          Having considered the ALJ's decision, the administrative record ("AR"), and all

20  memoranda of record, it is recommended that this matter be remanded for an award of benefits.

21  / / /

22  / / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01                              **I. FACTS AND PROCEDURAL HISTORY**

02          Plaintiff was born on XXXX, 1949.[1]  He completed the tenth or eleventh grade and later

03   obtained his GED.  (AR 162, 207).   He received community college vocational training in

04   Mechanical/CAD drafting.  (AR 207).  Plaintiff has worked as a plasterer, mechanical drafter and

05   mechanical helper/brake repairer.  (AR 29).

06          In March 1996, plaintiff filed an application for DIB, alleging a disability onset date of

07   February 7, 1995.  (AR 122).  In August 1996, his application was denied and no appeal was

08   taken.  (AR 104-107).  In March 1997, plaintiff again filed an application for DIB, alleging the

09   same disability onset date.  (AR 132).    Plaintiff's application was denied initially and on

10   reconsideration, and he timely requested a hearing.  (AR 106, 120).   Plaintiff's claim was

11   dismissed in July 1999 due to his failure to appear for his hearing.  (AR 591-93).  In March 1999,

12   plaintiff again filed an application for DIB, alleging the same disability onset date.  (AR 135).

13   Plaintiff's claim was denied administratively and no appeal was taken.  These prior applications

14   are not at issue in this action.

15          In November 2002, plaintiff applied for SSI, alleging a disability onset date of November

16   10, 2001.  (AR 914).  In December 2001, plaintiff also applied for DIB, alleging the same

17   disability onset date.  (AR 627, 633).  The Commissioner denied plaintiff's applications initially

18   and on reconsideration, and he timely requested a hearing.  (AR 596-99, 602-04).

19          ALJ Mary F. Gallagher Dilley held a hearing on November 13, 2003, and heard testimony

20   ─────────────────────

21          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
     General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22   official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01    from plaintiff, plaintiff's son, David Doucette, Jr., and vocational expert Michael Swanson.  (AR

02    41-103).  On June 16, 2004, the ALJ issued a decision denying plaintiff's applications for DIB and

03    SSI benefits.  (AR 28-40).  Plaintiff appealed the ALJ's decision to the Appeals Council, which

04    declined to review plaintiff's claim.  (AR 11).  Plaintiff appealed this final decision of the

05    Commissioner to this Court.

## II.  JURISDICTION

07    The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## III.  STANDARD OF REVIEW

09    The court may set aside the Commissioner's denial of social security benefits when the

10    ALJ's findings are based on legal error or not supported by substantial evidence in the record as

11    a whole.  *See* 42 U.S.C. 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Smolen v.*

12    *Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence is defined as more than a mere

13    scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might

14    accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

15    1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony,

16    and for resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where

17    the evidence is susceptible to more than one rational interpretation, it is the Commissioner's

18    conclusion that must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)**.**

## IV.  DISCUSSION

20    The Commissioner follows a five-step sequential evaluation process for determining

21    whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

22    be determined whether the claimant is gainfully employed.  The ALJ found that plaintiff had not

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01  engaged in substantial gainful activity since his alleged disability onset date.  At step two, it must

02  be determined whether a claimant suffers from a severe impairment.  The ALJ found severe

03  plaintiff's heroin addiction on methadone taper since June 2002, depression, hepatitis C, coronary

04  artery disease, inguinal hernia status post bilateral repair, decreased hearing and tinnitus, tobacco

05  addiction, chronic anemia, blind right eye, and status post L4 compression fracture.  At step three,

06  it must be determined whether a claimant's impairment(s) meets or equals a listed impairment.

07  The ALJ found that plaintiff's impairments did not meet or equal a listed impairment.  If a

08  claimant's impairments do not meet or equal a listing, the Commissioner must assess residual

09  functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an

10  inability to perform past relevant work.  The ALJ assessed plaintiff's RFC and found him able to

11  perform his past relevant work as a mechanical drafter.  Alternatively, the ALJ found at step five

12  that plaintiff could perform other work that exists in significant numbers in the national economy,

13  such as machine packager, industrial cleaner, and warehouse worker.  Thus, the ALJ found

14  plaintiff was not disabled at step four and, alternatively, at step five.  (AR 28-39).

15       Both parties agree that the ALJ erred, and that this case must be remanded.  The sole issue

16  is whether this case should be remanded with instructions to award benefits, as urged by plaintiff,

17  or remanded for further administrative proceedings, as urged by the Commissioner.

18       The Court has discretion to remand for further proceedings or to award benefits.  *See*

19  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits

20  where "the record has been fully developed and further administrative proceedings would serve

21  no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

22       Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01      reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that

02      must be resolved before a determination of disability can be made; and (3) it is clear
      from the record that the ALJ would be required to find the claimant disabled if he
      considered the claimant's evidence.

03

04 *Id.* at 1076-77.  For the reasons described below, the undersigned concludes that this matter

05 should be remanded for an award of benefits.

06      A.    <u>Plaintiff Was Limited To Simple Work And Therefore Was Disabled On His Fifty-Fifth Birthday</u>.

07

08      Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the

09 opinions of treating psychiatrist Lawrence G. Wilson, M.D., and examining psychiatrist Gail Li,

10 M.D., finding that he was limited to simple work.  The Commissioner agrees that there was legal

11 error, but argues that unresolved issues regarding the opinion of Dr. Wilson require further

12 development and that the Court should remand for further proceedings to re-contact Dr. Wilson

13 to clarify his opinion.

14      In May 2003, treating psychiatrist Lawrence G. Wilson, M.D., began treating plaintiff on

15 referral from plaintiff's treating family physician Freya Spielberg, M.D.  (AR 901).  In his

16 treatment notes from October 29, 2003, Dr. Wilson indicated that plaintiff stated if he "does not

17 get Social Security, he is not quite sure what kind of work he could do, but perhaps he could do

18 something very <u>simple</u>."  (AR 893)(emphasis added).  Approximately two weeks earlier, on

19 October 9, 2003, evaluating psychologist David M. White, M.D., noted that he had spoken with

20 Dr. Wilson by telephone regarding plaintiff's ability to work.  Dr. Wilson reported that "from a

21 psychiatric standpoint, it would have to be pretty    <u>simple</u>."  (AR 734)(emphasis added).

22 Furthermore, the ALJ specifically endorsed Dr. Wilson's opinion that plaintiff was limited to

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 simple work:

02 > Significant weight has also been given the opinion of the claimant's treating psychiatrist, Dr. Wilson.  He stated that the claimant could perform simple tasks.  The claimant's depression improved with medications and there was no evidence of psychotic level thinking.  His mood was good (Exhibits B9F/9, B12F-B13F).  His opinion is well supported and is not inconsistent with the other substantial evidence in the case record.  (Social Security Ruling 96-2p).

05

06 (AR 37)(emphasis added).  In addition, Dr. Wilson's opinion is consistent with the opinion of

07 examining psychiatrist Gail Li, M.D., that plaintiff was limited to "simple and repetitive tasks."

08 (AR 693).  Like Dr. Wilson's opinion, the ALJ cited Dr. Li's opinion at length but did not

09 specifically reject it.  Although it may be  unclear from Dr. Wilson's October 29, 2003, treatment

10 note alone whether he agreed with or endorsed plaintiff's statement, it is clear from the record that

11 the ALJ would be required to find that plaintiff was limited to simple work if she considered the

12 of opinions of Drs. Wilson, White, and Li.

13 As the Commissioner notes, whether or not plaintiff was limited to simple work is key, as

14 plaintiff could not perform his past relevant work, which is a skilled position.  (Dkt. #17 at 8).

15 Furthermore, if plaintiff was limited to simple work, he would meet the Medical-Vocational

16 Guidelines[2] as of his fifty-fifth birthday in March 2004.  *Id*.  According to the Guidelines,

17 individuals approaching advanced age, who "can no longer perform vocationally relevant past

18 work and have no transferable skills," will ordinarily be found disabled.  20 C.F.R. Pt. 404, Subpt.

19 P., App. 2, § 201.00(g).  As noted above, the Court may direct an award of benefits where "the

20

---

21 [2] The Medical-Vocational Guidelines, commonly known as the grids, are a matrix system for handling claims that give a finding of disabled or not disabled for various combinations of age, education, and work experience.  20 C.F.R. Part 404, Subpt. P, App. 2.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  record has been fully developed and further administrative proceedings would serve no useful

02  purpose." *McCartey*, 298 F.3d at 1076.  Here, it is clear from the record adopted by the ALJ that

03  plaintiff was limited to simple work, and therefore, was disabled as a matter of law on his fifty-fifth

04  birthday in March 2004.  Accordingly, plaintiff met his burden to prove that he could not perform

05  any of his past relevant work. (Dkt. # 13 at 11-12).  Because there are no outstanding issues that

06  must be resolved before a disability determination can be made and because further administrative

07  proceedings would serve no useful purpose, the Court agrees that the matter should be remanded

08  for an award of benefits for the period beginning on plaintiff's fifty-fifth birthday in March 2004.

09          B.      The ALJ Erred in Rejecting Lay Witness Testimony.

10          Plaintiff also argues that the ALJ erred in rejecting the lay witness testimony of his son,

11  David Doucette, Jr.  The ALJ based his decision to reject plaintiff's son's testimony on the basis

12  that the testimony came from a "close relationship" and because "it would be in the best financial

13  interest of [the] witness to corroborate the claimant's statements."  (AR 36-37).

14          Disregarding testimony of friends and family members violates 20 C.F.R. § 404.1513.  An

15  ALJ must consider a lay witness' observations of how claimant's impairments affect his ability to

16  work.  20 C.F.R. § 404.1513; *Smolen*, 80 F.3d at 1288.  An ALJ may reject such testimony only

17  if "reasons germane to each witness" are given.  *Dodrill*, 12 F.3d at 919.  Discounting family

18  witnesses based on the rationale that they are advocates and therefore biased amounts to a

19  "wholesale dismissal of the testimony of all the witnesses as a group and therefore does not qualify

20  as a reason germane to each individual who testified."  *Smolen*, 80 F.3d at 1289.  The ALJ clearly

21  erred in rejecting the son's testimony based on her finding that he was inherently untrustworthy

22  due to his relationship with plaintiff.  For the reasons set forth below, however, a remand to

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 consider the statement is not necessary.

02   C.   Substantial Evidence Does Not Support the ALJ's Residual Functional Capacity Assessment and Hypothetical to the Vocational Expert.

03

04   Plaintiff next contends that he was disabled at step five given the opinion of his treating

05 physician Freya Spielberg, M.D., submitted to the Appeals Council, that he could only perform

06 less than sedentary work on a half-time basis.  (AR 932).  Plaintiff also contends that the ALJ

07 failed to include any limitations in the RFC assessment or in the vocational hypothetical to simple

08 work, monocular vision, and bending forward 30-90 %. [3]  The Commissioner concedes that on

09 remand the ALJ should consider the opinion of Dr. Spielberg in combination with the record as

10 a whole, and should consider plaintiff's monocular vision as part of the RFC.  Inasmuch as the

11 RFC assessment and vocational hypothetical did not include all of plaintiff's limitations, the Court

12 finds that the ALJ's reliance on the vocational expert's testimony in finding residual functional

13 capacity for other work in the national economy is not supported by substantial evidence.  The

14 case might be remanded for the ALJ to reconsider and re-weigh these factors, as the

15 Commissioner suggests, except the vocational expert's testimony was otherwise fatally flawed,

16 as discussed below.

17   D.   The ALJ Erred in Relying on the VE's Testimony that Contradicted the DOT Without Including an Explanation.

18

19   Plaintiff argues that the testimony of the vocational expert ("VE") must be discredited

20 _____

21   [3] Plaintiff also argues that his past relevant work as a mechanical drafter requires more than basic math. (Dkt. #13 at 17-18). Plaintiff misapprehends the ALJ's utilization of a hypothetical that included an ability to do basic math, which does not amount to a finding that the plaintiff is,

22 in fact, so restricted.  The argument is non-availing.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 because it conflicted with the Dictionary of Occupational Titles ("DOT") and the VE offered no

02 explanation for this contradiction.

03       In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer

04 to the DOT. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). The DOT raises

05 rebuttable job classification presumptions. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.

06 1995). An ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the

07 record contains persuasive evidence to support the deviation." *Id.* at 1435. Evidence sufficient

08 to support such a deviation may be either specific findings of fact regarding claimant's residual

09 functionality, or inferences drawn from the context of the expert's testimony. *Light*, 119 F.3d at

10 793.

11       Based on the ALJ's hypothetical of a claimant of plaintiff's age, education, and work

12 experience with the limitations identified in the ALJ's RFC finding, the VE identified the

13 categories of machine packager, industrial cleaner, and warehouse worker as suitable jobs. (AR

14 98-100). In her decision, the ALJ concluded that plaintiff could perform these jobs. (AR 39).

15 However, plaintiff alleges, and the Commissioner apparently concedes, that the VE's testimony

16 differed from the DOT in that the VE identified the jobs of machine packager, industrial cleaner,

17 and warehouse worker as "light," and the DOT classifies them as "medium." (See Dkt. #13 at 14,

18 Attachment 1). Plaintiff argues that the vocational expert did not offer an explanation for her

19 deviation from the DOT. (Dkt. #13 at 14-15). Moreover, the ALJ neither mentioned this

20 deviation in her decision nor made findings of fact that would support it. Without such

21 explanation, the record does not establish a legitimate basis for the deviation or whether the VE,

22 using the correct DOT classification for these positions, would still find plaintiff capable of

01  performing these jobs. Accordingly, the VE's opinion does not constitute substantial evidence and

02  as a result, the Commissioner has failed to meet her burden of demonstrating that the claimant

03  retains the ability to perform other work activity in the national economy. Because the existing

04  record and findings will not support the denial of benefits on the ALJ's stated rationale, the

05  decision should be reversed. When the opinion of the VE is set aside, there is no reasoned basis

06  for the Commissioner's Step-Five finding that the plaintiff is not disabled. Therefore, it is

07  appropriate to remand the case for an award of benefits.

08                              **V.  CONCLUSION**

09          For the reasons set forth above, the Commissioner's decision in this case should be

10  remanded for an award of benefits. A proposed Order accompanies this Report and

11  Recommendation.

12          DATED this  30th  day of  January, 2006.

13

14                                          Mary Alice Theiler
                                            United States Magistrate Judge

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -10